```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANDRE DENNIS,

        Plaintiff,
                                          MEMORANDUM & ORDER
          -against-
                                          19-CV-4041(KAM)(LB)
NASSAU COUNTY CORRECTIONAL CENTER,
DEPARTMENT OF SECURITY OF NASSAU
COUNTY CORRECTIONAL CENTER, NASSAU
COUNTY, and NASSAU COUNTY SHERIFF'S
DEPARTMENT

        Defendants.
----------------------------------X
```

**MATSUMOTO, United States District Judge:**

On July 12, 2019, *pro se* plaintiff Andre Dennis, presently incarcerated at the Nassau County Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Nassau County Correctional Center ("NCCC"), Nassau County Sheriff's Department, Nassau County, and the Department of Security of Nassau County. Accompanying the complaint is an application to proceed *in forma pauperis*. The court grants plaintiff's request to proceed *in forma pauperis* for purposes of this Memorandum and Order, and dismisses the complaint for failure to state a claim upon which relief may be granted. Plaintiff is, however, granted 30 days' leave from the date of this order to amend his complaint to name proper parties.

**STANDARD OF REVIEW**

1

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and thus, the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).  At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Moreover, the Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).

## DISCUSSION

The court assumes the truth of the allegations in the complaint for this Memorandum and Order.  On September 21, 2018, while held at the NCCC, plaintiff was allegedly attacked and

stabbed more than twelve times and hit in his eye by a group of inmates. (ECF No. 1, Compl. at 4.) Plaintiff alleges that he did not receive proper medical attention for two hours and suffered permanent partial vision loss in his right eye. (*Id.*) Plaintiff alleges that he was given stitches and prescribed glasses. (*Id.*) Plaintiff seeks $10 million in monetary damages for "pain & suffering, negligence, neglect, recklessness, carelessness, & delay in proper medical treatment." (*Id.* at 5.)

Section 1983 provides that

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . "

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526

3

U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, plaintiff must establish he was "deprived of a right secured by the Constitution or laws of the United States." *Id.*; *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

The NCCC, the Nassau County Sheriff's Department, and the NCCC's Department of Security are "administrative arms" of a municipality, Nassau County, and accordingly, cannot be sued. *See, e.g., Anderson v. County of Nassau*, No. 15 CV 535, 2018 WL 1597399, at *8 (E.D.N.Y. Mar. 31, 2018) (the Nassau County Sheriff's Department is not a suable entity); *Bloch v. County of Nassau*, No. 16 CV 6082, 2017 WL 2684017, at *2 (E.D.N.Y. June 20, 2017), *on reconsideration,* No. 16 CV 6082, 2017 WL 6459472 (E.D.N.Y. Dec. 18, 2017), *appeal dismissed sub nom. Bloch v. County of Nassau, Nassau County Correctional Ctr.*, No. 17-2118, 2018 WL 3390250 (2d Cir. June 21, 2018) (NCCC is not a suable entity). Thus, plaintiff cannot raise a plausible Section 1983 claim against the NCCC, the Nassau County Sheriff's Department or the Nassau County Department of Security and such claims are dismissed. 28 U.S.C. § 1915A.

In addition, to state a Section 1983 claim against a municipality such as Nassau County, a plaintiff must plead: (1)

4

there was an official municipal policy or custom and (2) that policy or custom caused him to be subjected to a denial of a constitutional right. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 690-91 (1978). A claim of municipal liability requires that plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 Fed. Appx. 543, 545 (2d Cir. 2009) (summary order) (quoting *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir.2006)). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a municipality's policy makers. *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690). A municipality can not be held liable under Section 1983 solely on a *respondeat superior* theory. *Adames v. County of Suffolk Ct.*, No. 18-CV-4069, 2019 WL 2107261, at *3 (E.D.N.Y. May 14, 2019).

Here, plaintiff makes no factual allegations against the County. *See Treadwell v. Cty. of Putnam,* No. 14 CV 10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (holding that plaintiff "failed to sufficiently state a *Monell* claim" where the complaint lacked "any factual allegations that could lead to the plausible inference that an official [municipal] policy, practice, or custom caused [the] [p]laintiff's alleged

5

constitutional injuries"); *Martin v. County of Nassau*, 692 F. Supp. 2d 282, 296 (E.D.N.Y. 2010) (dismissing plaintiff's Section 1983 claims against Nassau County because plaintiff's allegations of a municipal custom or policy are entirely conclusory).

Accordingly, plaintiff's Section 1983 claim for municipal liability is not plausible and the claims asserted against Nassau County are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## LEAVE TO AMEND

Plaintiff's claim for inadequate medical care is insufficient because it fails to name any proper parties. Accordingly, plaintiff will be afforded an opportunity to amend his complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000).

Should plaintiff elect to file an amended complaint, he must name as proper defendants those individuals, acting under color of state law, who were personally involved in the conduct he alleges in the amended complaint. *See Iqbal*, 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."). An amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. If plaintiff wishes to bring a claim

6

against a defendant and he does not know the name of the individual, he may identify each of them as John or Jane Doe, and to the best of his ability describe each individual's physical characteristics and title.  Plaintiff should state whether he is a pretrial detainee or a convicted inmate, what each defendant did or failed to do in violation of his civil rights, and include the date and location of each event.  No summons shall issue at this time and all further proceedings shall be stayed for 30 days.  If plaintiff fails to amend the complaint within 30 days as directed by this Order, judgment shall enter.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1). Plaintiff is granted 30 days' leave from the date of this Memorandum and Order to file an amended complaint as detailed above. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall serve plaintiff with a copy of this Memorandum and Order and note service on the docket.

**SO ORDERED.**

Dated:   June 1, 2020
         Brooklyn, New York

                                          /s/
                              **Hon. Kiyo A. Matsumoto**
                              United States District Judge