```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
ANDRE DENNIS,

                    Plaintiff,              **MEMORANDUM AND ORDER**
                                             19-CV-4041 (KAM)(LB)

        -against-

NASSAU COUNTY; SHERIFF VERA FLUDD;
JOHN DOE 1; JANE DOE 1; JOHN DOE 2;
JOHN DOE 3; JOHN DOE 4; JOHN DOE 5;
JOHN DOE 6,

                    Defendants.
------------------------------------X
```
KIYO A. MATSUMOTO, United States District Judge:

On July 12, 2019, *pro se* plaintiff Andre Dennis, who is presently incarcerated at the Nassau County Correctional Center ("NCCC") filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983"). By Memorandum and Order dated June 1, 2020, the court granted Plaintiff's request to proceed *in forma pauperis* and dismissed the complaint for failure to state a claim upon which relief may be granted. *See Dennis v. Nassau County Correctional Ctr.*, No. 19-CV-4041(KAM), 2020 WL 2836769, at *2 (E.D.N.Y. June 1, 2020). Plaintiff was, however, granted 30 days' leave from the date of the order to amend his complaint to name proper parties.

By order dated July 23, 2020, the court granted Plaintiff additional time, until August 24, 2020, to file an

amended complaint. Plaintiff was advised that if the court did not receive an amended complaint by August 24, 2020, the case would be closed for the reasons set forth in the court's prior order. On August 31, 2020, the court dismissed the action as Plaintiff appeared to have failed to file an amended complaint and, on September 1, 2020, judgment in favor of Defendants and against Plaintiff was entered. Thereafter, the court learned that due to an oversight, Plaintiff's amended complaint was received by the Court on August 24, 2020, but was not docketed until September 2, 2020. Accordingly, the court's order dated August 31, 2020 and the judgment entered September 1, 2020 are hereby vacated pursuant to Federal Rule of Civil Procedure 60(a). Fed. R. Civ. P. 60(a).

For the reasons discussed below, Plaintiff's claims asserted in the amended complaint against Nassau County and Vera Fludd, the Sheriff of Nassau County are dismissed for failure to state a claim. 28 U.S.C. §1915A(b)(1). Plaintiff's claims against the John Doe Correctional Officers will proceed, once those individuals are identified.

## Background

The court assumes the truth of the allegations in the amended complaint in this Memorandum and Order. Liberally

construed, Plaintiff alleges Eighth Amendment violations against Correctional Officers for failure to protect him from harm and for delaying Plaintiff's access to medical care.  On September 21, 2018, while held at the NCCC, Plaintiff alleges that he was attacked by a group of inmates.  (ECF No. 10, Am. Compl. at 10.) Plaintiff asserts that he was stabbed more than 12 times and was refused medical attention for more than two hours.  (*Id.*) Plaintiff alleges that the Correctional Officers were not at their posts and failed to conduct walk-throughs.  (*Id.*) Plaintiff further alleges that he suffered permanent partial loss of vision in his right eye, and seeks monetary damages.

## Discussion

Title 42 U.S.C. § 1983 provides, in relevant part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443

3

U.S. 137, 144 n. 3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).  In order to state a § 1983 claim, a plaintiff must allege two essential elements.  First, the conduct challenged must have been "committed by a person acting under color of state law."  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.; see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

   **a. Plaintiff's Claims against Nassau County**

   As in Plaintiff's original complaint, the claims asserted in the amended complaint fail to state a claim against Nassau County for municipal liability.  In order to state a Section 1983 claim against a municipality such as Nassau County, a plaintiff must plead: (1) there was an official municipal policy or custom; and (2) that policy or custom caused him to be subjected to a denial of a constitutional right.  *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  A claim of

4

municipal liability requires that plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a municipality's policymakers. *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690). A municipality may not be held liable under § 1983 solely on a *respondeat superior* theory. *Brown v. City of New York*, No. 15-CV-194, 2016 WL 4446126, at *3 (E.D.N.Y. Aug. 18, 2016).

   To the extent that Plaintiff seeks to hold Nassau County liable for the failure to protect him from the violent actions of other inmates and for inadequate medical care, he fails to allege plausible facts to suggest that a municipal policy or custom caused him to sustain injuries in violation of his constitutional rights. *See Jean v. County of Nassau*, No. 14-CV-1322, 2020 WL 1244786, at *13 (E.D.N.Y. Mar. 16, 2020) (dismissing claims against Nassau County where plaintiff "fails to offer any evidence of a single policy, practice, or custom promulgated by Nassau County that could have caused the alleged

violations of Plaintiff's constitutional rights"). Accordingly, Plaintiff's Section 1983 claim for municipal liability is not plausible and the claims asserted against Nassau County are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### b. Plaintiff's Claims Against Sheriff Fludd

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court has held that "[b]ecause vicarious liability is inapplicable to ... [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A complaint which is based upon a violation under Section 1983 and does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. *Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010); *Thomas v. Fitzpatrick*, No. 19-CV-6567, 2020 WL 1910049, at *2 (E.D.N.Y. Apr. 20, 2020).

Here, Plaintiff asserts that Sheriff Fludd "was put in position to make sure all rules and procedures were followed" (Am. Compl. at 8) (internal quotations and emphasis omitted).

6

Plaintiff fails to allege any facts to suggest the personal involvement by Sheriff Fludd in the conduct of which Plaintiff complains and appears to be named as a Defendant solely because of the position that she occupies. *See, e.g.*, *Makell v. Fludd*, No. 19-CV-6993, 2020 WL 376588, at *2 (E.D.N.Y. Jan. 23, 2020) (dismissing claims against Sheriff Fludd because plaintiff failed to allege facts to show that she was responsible for plaintiff's injuries or treatment). Accordingly, Plaintiff's claims asserted in the amended complaint against Sheriff Fludd are dismissed pursuant to 28 U.S.C. § 1915A(b). Because plaintiff has alleged plausible facts concerning the Defendant Correctional Officers, the action will proceed as to these defendants.

## Conclusion

Accordingly, it is hereby

ORDERED that Plaintiff's claims asserted in the amended complaint, are dismissed against Nassau County and Sheriff Fludd. No summons shall issue as to these Defendants, *see* 28 U.S.C. § 1915A and it is further

ORDERED that in accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the court hereby requests the Office of the Nassau County Attorney to ascertain

the full names of the NCCC Correctional Officers, who are alleged to have been involved in the September 21, 2018, incident which occurred in the main building at the NCCC between 1:30 p.m. and 2:30 p.m. To aid in identification of the Correctional Officers, Plaintiff provides the following descriptions: (a) Plaintiff asserts that John Doe Correctional Officer No. 1 was assigned to his dorm area, and was a white male with a full beard, a medium build and approximately five feet nine inches to six feet in height; (b) Plaintiff asserts that Jane Doe Correctional Officer No. 1 was a reporting officer who was a white female, with a thin build, long black hair and approximately five feet three inches to five feet five inches in height; (c) Plaintiff asserts that John Doe Correctional Officer No. 2 was a white male who was assigned to Plaintiff's dorm area who was of medium build, clean shaven, bald and approximately five feet eleven inches in height; (d) Plaintiff asserts that John Doe Correctional Officer No. 3 was a white male who was assigned to Plaintiff's dorm area, was bald, had a beard, was a bit muscular and approximately five feet nine inches to five feet eleven inches in height; (e) Plaintiff asserts that John Doe Correctional Officer No. 4 was a white male who was assigned to Plaintiff's dorm area, and had a thin build, a buzz cut and

is approximately five feet seven inches to five feet eight inches in height; (f) Plaintiff asserts that John Doe Correctional Officer No. 5 was a black male who was a reporting officer and had a medium build with a full beard and is approximately six feet in height; and (g) Plaintiff asserts that John Doe Correctional Officer No. 6 was a white male who was assigned to Plaintiff's dorm area, and had a very thin build, wore glasses and was approximately five feet six inches in height.

The Office of the Nassau County Attorney is directed to provide the full name of the Jane and/or John Doe Officers. The Office of the Nassau County Attorney is also requested to provide the address where these individuals currently can be served; the government need not undertake to defend or indemnify these individuals at this juncture, and it is further

ORDERED that the Office of the Nassau County Attorney is hereby requested to produce the information specified above regarding the identity of the Jane and/or John Doe defendants and the address where they can be served to the Court within forty-five (45) days from the date of this Order; once the Officers have been identified, Plaintiff's complaint shall be deemed amended to reflect the full name of these individuals as

defendants, summonses shall issue for the Defendants, and the Court shall direct service on these Defendants.

The action is respectfully referred to Magistrate Judge Lois Bloom to supervise service of process and pretrial matters. The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro* se plaintiff and to the Office of the Nassau County Attorney, and to note service on the docket.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge

Dated: September 3, 2020
       Brooklyn, New York

10