UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDRE DENNIS,

                              Plaintiff,

           -against-

SERGEANT JOSEPH KWARTA, CORPORAL HENRY ROUBIAN, CORPORAL ROY GIER, CORPORAL JOSEPH GULOTTA, C.O. BRIAN HARRIS, C.O. VAN HOUTEN, C.O. COREY SPERLING, C.O. THOMAS DUPREY, C.O. JOHN WALTER, and C.O. JOSEPH PASCARELLA,

                              Defendants.

-----------------------------------------------------------------X

Docket No. 2:19-CV-04041 (KAM) (LB)

**ANSWER**

      The Defendants, SERGEANT JOSEPH KWARTA, CORPORAL HENRY ROUBIAN, CORPORAL ROY GIER, CORPORAL JOSEPH GULOTTA, C.O. BRIAN HARRIS, C.O. VAN HOUTEN, C.O. COREY SPERLING, C.O. THOMAS DUPREY, C.O. JOHN WALTER, and C.O. JOSEPH PASCARELLA, (hereinafter "Defendants"), appearing herein by their attorney, THOMAS A. ADAMS, Nassau County Attorney, by Victoria A. LaGreca, Deputy County Attorney, for its Answer to the complaint herein, sets forth upon information and belief, as follows:

1. Deny knowledge or information sufficient to form a belief as to the allegations contained paragraph IA of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained at section IB of the Complaint.

3. Deny the allegations contained in section II of the Complaint located at PageID #: 31 through 38.

4. Deny the allegations contained in section IIA of the Complaint located at PageID # 38.

5. Deny that Plaintiff is entitled to the relief sought in section III of the Complaint located at PageID #39.

6. Deny the allegations contained in the narrative located at PageID # 40 through 43.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7. That should Plaintiff recover damages as a result of finding of liability in whole or in part as against the County Defendants, such recovery should be reduced and diminished in proportion to the degree of comparative negligence or fault of Plaintiff in contributing to such damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. That at all the times mentioned in the Complaint and herein mentioned, all employees of the defendant County of Nassau alleged to have anything to do with the Plaintiff acted in good faith and without malice.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9. Plaintiff has not complied with Section 50-e and/or 50-i and/or 50-h of the General Municipal Law of the State of New York. Plaintiff has not complied with Section 52 of the County Law of the State of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. Plaintiff has not complied with Section 52 of the County Law of the State of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11. The actions complained of were in full accord with the applicable law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12. The alleged acts of conduct of the named defendants herein, under the case of <u>Monell v. New York City Department of Social Services</u> does not create vicarious liability pursuant to the doctrine of respondeat superior and consequently Nassau County cannot be liable for any acts or conduct of any individual defendant herein, as a matter of law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13. Plaintiff's constitutional and statutory rights have not been violated by the County Defendants.

### AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

14. That if the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, reckless and/or wrongful conduct of the Plaintiff without any negligence, recklessness and/or wrongdoing on the part of the County Defendants, their agents, servants or employees contributing thereto.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15. The Complaint fails to state a cause of action against County defendants.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16. The County of Nassau, its agencies, departments and/or employees at all applicable times enjoyed a full, partial or qualified immunity from civil suit.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17. The alleged acts or omissions of the County Defendants was not the proximate cause of any injuries or damages allegedly incurred by the Plaintiff. Any injuries or damages allegedly incurred by the Plaintiff were the result of his and her own actions the actions

of others and/or the superseding intervention of causes outside the control of the County Defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18. Plaintiff failed to mitigate his alleged damages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19. Punitive damages may not be recovered against the County of Nassau as a matter of law.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20. That at all times mentioned in the complaint and herein mentioned, all employees of the County of Nassau alleged to have anything to do with the plaintiff acted in their respective official capacities, and as members of the Police Department of Nassau County and they were and still are police officers and peace officers of the State of New York.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21. Upon information and belief, the costs incurred, or paid by Plaintiff, if any, for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, in the past or future, were or will, with reasonable certainty be replaced or County Defendant is entitled to have any award reduced in the amount of such payments.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff has failed to extinguish all available state remedies and, therefore, is not entitled to institute the within claim.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff has failed to exhaust all available administrative remedies, including but not limited to the Prison Litigation Reform Act.

**WHEREFORE**, the defendants SERGEANT JOSEPH KWARTA, CORPORAL HENRY ROUBIAN, CORPORAL ROY GIER, CORPORAL JOSEPH GULOTTA, C.O. BRIAN HARRIS, C.O. VAN HOUTEN, C.O. COREY SPERLING, C.O. THOMAS DUPREY, C.O. JOHN WALTER, and C.O. JOSEPH PASCARELLA demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated: Mineola, New York
       July 11, 2023

                                        Yours, etc.,

                                        **THOMAS A. ADAMS**
                                        Nassau County Attorney

                                        By: _____
                                        VICTORIA A. LAGRECA
                                        Deputy County Attorney
                                        Attorney for County Defendants
                                        1 West Street
                                        Mineola, New York 11501
                                        (516) 571-5775

To:    Andre Dennis, DIN # 22B1669
          Eastern NY Correctional Facility
          30 Institution Road
          P.O. Box 338
          Napanoch, NY 12458
          *Pro Se* Plaintiff
          (By First-Class Mail)